1  DALE L. ALLEN, JR., # 145279
   JOSHUA M. BRYAN, # 225230
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California  94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Defendant
   BAY AREA RAPID TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>(BART) BAY AREA RAPID TRANSIT, (<u>Transportation</u>) (<u>Non</u>-Police Agency); VIVENCIO GONZAGA (<u>AKA</u>: Vincent Flores) (BART Janitor <u>07/09/03</u> Civilian Employee); KEN "KENNETH" DAM (Community Service Assistant, for, BART) (<u>07/09/03</u> Civilian Employee); BRUCE TURNER (BART RUN # <u>225</u>, <u>07/09/03</u>, <u>1819 hrs.</u> (<u>1806 hrs.</u>), (<u>07/09/03</u> Civilian Employee) (Terrorist Benjamin Arnold Turner's <u>Foster</u> Relative/Co-Conspirator 07/12/86 Co-Child Abduction,<br><br>　　　　　Defendants. | Case No. C 07 80138-MISC. CW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION BASED ON FAILURE TO STATE A CLAIM UNDER FRCP RULE 12(b)(6);  OR IN THE ALTERNATIVE FOR ORDER REQUIRING PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT (FRCP RULE 12(e); AND TO STRIKE PUNITIVE DAMAGES UNDER FRCP RULE 12(f))<br><br>Date:　August 2, 2007<br>Time:　2:00 p.m.<br>CtRm 2, 4th Floor |

**I.　STATEMENT OF RELIEF SOUGHT**

Defendant Bay Area Rapid Transit District ("BARTD") hereby moves this court for an order dismissing the entire action with prejudice as to BARTD pursuant to FRCP 12(b)(6).  Alternatively, if the court declines to dismiss the action and/or individual causes of action, BARTD requests that the court order plaintiff to provide a more definite statement pursuant to FRCP 12(e).  BARTD also requests that the court strike any reference to punitive damages in the complaint under FRCP 12(f).

/ / /

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION BASED ON FAILURE TO STATE A CLAIM UNDER FRCP RULE 12(b)(6);  OR IN THE ALTERNATIVE FOR ORDER REQUIRING PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT (FRCP RULE 12(e); AND TO STRIKE PUNITIVE DAMAGES UNDER FRCP RULE 12(f)

J:\1752\SF0199\M-Dismiss\P-MPA-dismiss.wpd

II. **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Statement of Issues to Be Decided**.

This case arises from plaintiff Jerome Grimes ("plaintiff") allegations regarding his arrest by Fremont Police Officers on July 9, 2003, while sitting on one of defendant Bay Area Rapid District's ("BARTD") trains. Plaintiff previously brought an action this court alleging misconduct by BARTD and its employees arising from the July 9, 2003 arrest (Case No. C 04-4691 EDL). In that action, the Northern District granted defendant Bay Area Rapid Transit Police's motion for summary adjudication as to plaintiff's federal claims and dismissed his state court causes of action due to lack of supplemental jurisdiction. The Ninth Circuit denied plaintiff's appeal, ordering that Mr. Grimes could not make any further filings in Case No. C 04-4691 EDL. (*See* Request for Judicial Notice.)

In the case at bar, plaintiff's complaint appears to allege federal civil rights violations with respect to the "Right to the preservation and production of exculpatory evidence, i.e., video surveillance security tapes on board, interior BART train's cars, Run #:225, July 9, 2003 ... Richmond Bound, intentionally delayed, at the , Fremont BART Station's Trains' Platform." Most of plaintiff's handwritten allegations are totally incomprehensible. However, plaintiff is clearly attempting to recover something for the conduct already adjudicated with respect to the July 9, 2003 arrest.

In the instant action filed on or about May 30, 2007, plaintiff has attempted to bring one or more causes of action against BARTD and other defendants. The complaint purports to contain "causes of action." Each and every one of plaintiff's supposed causes of action fails to state a claim upon which relief may be granted against BARTD because: (1) each claim against BARTD is barred by the statute of limitations; (2) each claims against BARTD is so vague, conclusory and unintelligible that it does not state a claim upon which relief may be granted; and (3) each claim against BARTD is barred by the principles of res judicata and/or collateral estoppel. Finally, BARTD is public entity which is immune from the punitive damages brought against it.

Accordingly, the issues to be decided with respect to plaintiff's complaint decided are (1) whether the court should dismiss plaintiff's entire action as to BARTD with prejudice pursuant to FRCP 12(b)(6)  because it fails to state a claim against BARTD upon which relief may be granted; (2) or alternatively,  whether the court should require plaintiff to provide a more definite statement pursuant to Rule 12(e); and (3) whether all references to claims for punitive damages should be stricken from the complaint.

-2-

**B.    Statement of Facts**.

On July 9, 2003, plaintiff, Jerome Grimes, was sitting on a BARTD train at the Fremont BARTD Station when he was arrested by Fremont Police Officers for stealing a mountain bike. Mr. Grimes had boarded a train headed towards Berkeley at the Fremont BARTD Station. While he sat on the train, Chardel Malone boarded the train with a bike, and allegedly left it sitting by Mr. Grimes. Mr. Malone then got off the train. Fremont Police Officer Mourgos boarded the train and asked Mr. Grimes to step off the train. The Fremont Police Officers did a "cold show" from the street and a witness identified him as the person who stole the bike. A Fremont police officer handcuffed him. BARTD police were not involved in Mr. Grimes' detention or arrest other than walking up on the scene when the Fremont police officers were doing a "cold show." He was then taken to the Fremont Police Department and booked. (Request for Judicial Notice).

While at the Fremont police station, Officer Amy Boyd booked Mr. Grimes. Mr. Grimes told her that there were video tapes on the train. Officer Boyd left a message on Officer Dam's voice-mail requesting a copy of the tape from the BART train. (Request for Judicial Notice).

The following day, Officer Dam retrieved the videotape. When Officer Dam retrieved the tape, he noticed that the digital video recorder machine was not working properly because it was set in the wrong modes. Officer Dam viewed the tape and observed that there was nothing recorded on the tape from that day. He determined that the tape had no evidentiary value and recycled it in accordance with BARTD Police Department procedure. No other video cameras had been placed at the Fremont BARTD station at the time of the incident. (Request for Judicial Notice).

On August 6, 2003, a Public Defender Investigator served a subpoena on the BARTD Police Department to retrieve the tapes. Officer Dam notified the investigator that the videotape did not have any evidentiary value because the video machine was not working properly and that he had recycled the tape. (Request for Judicial Notice).

On November 5, 2004, Mr. Grimes filed Action No. C 04-4691 EDL in the United States District Court for the Northern District of California against BARTD and other defendants. The action was based upon conduct by BARTD and its employees with respect to the July 9, 2003 arrest. (Request for Judicial Notice).

On May 31, 2005, Bay Area Rapid Transit Policefiled a motion for summary judgment or, alternatively, partial summary judgment arguing that: (1) plaintiff's § 1983 claim failed as a matter of law

-3-

because there was no violation of due process or the officer was shielded by qualified immunity; (2) plaintiff could not proceed civilly under Penal Code § 136.1; and (3) Grimes could not sue for negligence because he failed to comply with the Tort Claims Act. On July 5, 2005, the Northern District granted Bay Area Rapid Transit Police's motion for summary adjudication as to plaintiff's federal cause of action and dismissed his state court causes of action due to lack of supplemental jurisdiction. The Ninth Circuit denied plaintiff's appeal, ordering that Mr. Grimes could not make any further filings in Case No. C 04-4691 EDL. (Request for Judicial Notice.)

The instant action, clearly based upon the same July 9, 2003 incident already adjudicated, was filed in the Northern District on May 30, 2007. (Request for Judicial Notice.) It is impossible to understand, from the handwritten complaint exactly what, if any causes of action plaintiff is alleging, or who each cause of action is against. What can be discerned is that plaintiff, for the second time, is attempting to seek damages for unspecified violations of one or more federal civil rights related to his July 9, 2003 arrest.

**C.    Legal Argument**.

**1    Plaintiff's Entire Complaint Fails To State A Claim Against BARTD Upon Which Relief Can Be Granted Under 12(b)(6)**.

Under Federal Rule Of Civil Procedure, Rule 12(b)(6):

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion ... failure to state a claim upon which relief can be granted.

Each and every cause of action in plaintiff's complaint is barred by the statute of limitations. Further, each and every cause of action is so vague, conclusory and unintelligible that it fails to state any cognizable claim against upon which relief may be granted. Finally, plaintiff's entire complaint is barred by res judicata and/or collateral estoppel. Accordingly, plaintiff's entire complaint fails to state a claim upon which relief may be granted against BARTD.

**2    Plaintiff's Entire Complaint Is Time-Barred For Failure To Meet The Applicable Statute of Limitations**.

Specifically, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the

-4-

action is time-barred. *See Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).

A damage action for deprivation of civil rights is authorized by 42 USC § 1983. That statute contains no limitations period. Federal courts in each state should look to the state statute of limitations governing personal injury claims, because they are the "most analogous" to claims under 42 USC § 1983. *Wilson v. Garcia,* 471 U.S. 261, 268 (1985); *See Taylor v. Regents of Univ. of Calif.* 993 F.2d 710, 712 (9th Cir. 1993) [other federal civil rights actions also governed by state statute of limitations for personal injury actions]. Because §1983 contains no statute of limitations, federal courts adopt the forum state statute of limitations for causes of action "most analogous" to §1983. For this purpose, the appropriate "most analogous action" is a personal injury action. 42 U.S.C.A. § 1983. *Harned v. Landahl,* 88 F.Supp.2d 1118 (E.D.Cal. 2000).

State law often provides longer limitations periods for intentional torts than for other torts. But, to avoid confusion, federal courts must borrow the "general or residual" personal injury statute. *Owens v. Okure,* 488 U.S. 235, 249–250 (1989); *Silva v. Crain,* 169 F.3d 608, 610 (9th Cir. 1999).

In California, an action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another must be brought within two years from the date the cause of action arose. *See* California Code of Civil Procedure § 335.1. Although it is impossible to understand what, if any causes of action plaintiff is bringing, the complaint appears to allege that plaintiff was framed for bicycle theft based upon the train incident occurring on July 9, 2003. He alleges that security tapes were "suppressed" and withheld and that he suffered "intentional liberty deprivation"(Complaint P. 4, Ln 5-7; P. 5, Ln 11-12). If plaintiff's allegations must be classified, they most closely resemble a § 1983 civil rights claim. As noted above, federal actions for deprivation of civil rights are subject to the two-year statute of limitations for personal injury actions in California.

Although the complaint mentions a number dates, including dates of alleged kidnaping and hijacking, all of those dates occurred before July 9, 2003. As such, none of plaintiff's alleged claims could have arisen later than July 9, 2003. Plaintiff commenced the instant suit on May 30, 2007, nearly four years after July 9, 2003. Therefore, plaintiff has failed to meet the applicable standard for any federal cause of action in the complaint.

Further, BARTD is a public entity under California Government Code § 900 et seq. Consequently, to the extent plaintiff's claims may be construed as California torts, they are subject to the requirements of the Tort Claims Act. *See* California Government Code § 900 et seq. Compliance with the claim filing requirement is an

-5-

essential element of a damages cause of action against a government entity.  Plaintiff must allege facts demonstrating or excusing claim-filing compliance; otherwise, the complaint is subject to general demurrer for failure to state a cause of action.  *State of California. v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).  In federal cases, state law causes of action remain subject to the state law claim filing requirements. *Luers v. Smith* 941 F.Supp. 105, 107 (C.D. Cal. 1996) ; *See Mabe v. San Bernardino County Dept. of Pub. Social Services,* 237 F.3d 1101, 1111 (9th Cir. 2001).  Plaintiff has not alleged compliance with the Tort Claims Act.  Therefore, to the extent plaintiff may be claiming one or more California torts against BARTD, a public entity, the complaint must fail.

Plaintiff's entire complaint is barred by failing to meet the applicable statute of limitations period for both federal civil rights claims and/or state tort claims.  Accordingly, each cause of action in the complaint, and plaintiff's entire complaint, fail to state a claim upon which relief may be granted.

### 3    Plaintiff's Entire Complaint Is So Vague, Ambiguous, And Conclusory That It Does Not Establish Any Cognizable Claim Against BARTD Upon Which Relief May Be Granted.

Plaintiff's complaint should be dismissed with prejudice in its entirety because his claims are so unintelligible that they fail to give sufficient notice to BARTD as to the claims being brought against it.

The court need not accept as true conclusory allegations or legal characterizations.  Nor need it accept unreasonable inferences or unwarranted deductions of fact. *See In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993); *Taylor v. F.D.I.C.*, 132 F.3d 753, 762 (D.C. Cir.1997) ; *See Rutter Group, Federal Civil Procedure Before Trial* (2006), Chapter 9, at p. 9-67.  A pro se complaint will be dismissed if it appears that the plaintiff cannot prove a set of facts that will support a claim for relief beyond doubt. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Even "'a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Id*. (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ).

Plaintiff's complaint makes sweeping allegations against BARTD and other defendants.  The complaint does not make clear connections between specific allegations and the individual defendants.  Because of the complaint's vague wording and conclusory statements, BARTD cannot formulate proper defenses.  Thus, plaintiff's Complaint should be dismissed with prejudice in its entirety pursuant to FRCP 12 (b)(6) for failure to state any cognizable claim upon which relief may be granted.

-6-

**4      Plaintiff's Entire Complaint Is Based Upon The July 9, 2003 Arrest Which Has Already Been Adjudicated And Is Therefore Barred By Principles Of Res Judicata And/Or Collateral Estoppel**.

A federal action may be barred by res judicata where: (1) an earlier lawsuit involved the same claim sued upon in the present action; (2) involved the same parties or persons in privity of interest with them; and (3) resulted in a final judgment on the merits. *See Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. at 313, 323–324 (1971); *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993). Collateral estoppel will bar re-litigation of an issue where: (2) the issue in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and actually decided; (3) and the issue was essential to support a valid and final judgment on the merits. *Grieve v. Tamerin* 269 F3d 149, 153, (2nd Cir. 2001).

In the case at bar, plaintiff is simply trying to re-sue BARTD for alleged conduct relating to his July 9, 2003 arrest. Plaintiff brought a prior action against Bay Area Rapid Transit Police and one of its officers, Kenneth Dam, based upon the July 9, 2003 arrest, alleging suppression of evidence and § 1983 civil rights violations. Plaintiff is attempting to repeat the exact same allegations in this case even after the court of appeal has made a final ruling against him. (*See* Request for Judicial Notice). Accordingly, under the principles of res judicata and collateral estoppel, plaintiff may not bring the same suit based upon the same set of facts, and plaintiff's entire complaint fails to state a claim upon which relief may be granted.

///

**5      To The Extent They Can Be Discerned, Each of Plaintiff's Supposed Claims Fails To State A Claim Upon Which Relief May Be Granted**.

To the extent that sense can be made of them, the allegations in plaintiff's complaint must fall into one of two categories (1) allegation of federal civil rights violation(s) or; (2) state tort claims. As discussed below, each of plaintiff's varied and incomprehensible claims fail to state a claim upon which relief may be granted.

   **a.      Plaintiff Has Failed To State A Claim For Grand Theft Frame-Up/Hijacking/Kidnapping/Violation of Due Process Clause And/Violation Of The U.S. Constitution/Child Abduction/Conspiracy, Terrorism And/Or Penal Code § 136.1(b).**

To the extent that plaintiff's complaint is possible to understand, plaintiff alleges violation of his federal civil rights in the form of evidence suppression and conspiracy to frame him for the theft of a bicycle. He also

-7-

mentions child abduction, violation of the U.S. Constitution, hijacking, kidnaping, due process, child abduction, and different forms of terrorism. These claims are so unintelligible and non-specific that is impossible to tell whether plaintiff means them to be causes of action, or whether he is referring to them for some other unknown purpose. Plaintiff also lacks standing upon which to recover damages for conduct allegedly suffered by others. As discussed above, plaintiff has failed to meet the applicable statute of limitations with respect to all of these claims and is barred by the principles of res judicata and collateral estoppel.

Federal Penal Code § 136.1(b) makes it unlawful to prevent or dissuade any witness or victim from testifying. Plaintiff is not bringing this suit as a federal prosecutor, but as a private individual. This cause of action is also barred by res judicata and collateral estoppel. Further, any request for redress under the federal penal code must be subject to the two year statute of limitations because it is tantamount to a deprivation of federal civil rights claim. Accordingly, plaintiff has failed to state claim upon which relief may be granted under penal code § 136.1(b)

Therefore, plaintiff has failed to state any claim upon which relief may be granted for the above referenced claims.

**6      Plaintiff Has Failed To State A Claim Based Upon His Mention Of Prior Lawsuits**.

The fact that plaintiff has brought prior lawsuits does not give him any legally cognizable rights. The listing of previous legal actions by plaintiff does not implicate any known right to relief. Plaintiff has not provided any citation to a statute from which this cause of action may arise. The mere mention of lawsuits brought by plaintiff does not state a claim upon which relief may be granted, and is completely irrelevant, except for the fact that it shows plaintiff is probably a vexatious litigant.

**7      Plaintiff's Complaint Fails To State A Claim For Punitive Damages Against BARTD**.

A public entity cannot be sued under § 1983 as a matter of law for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Additionally, a public entity is not liable for damages awarded under § 3294 of the California Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant. *See* California Government Code § 818. In this case, BARTD as a public entity is immune from any punitive damage claim. Accordingly, the entire complaint fails to

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION BASED ON FAILURE TO STATE A CLAIM UNDER FRCP RULE 12(b)(6); OR IN THE ALTERNATIVE FOR ORDER REQUIRING PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT (FRCP RULE 12(e); AND TO STRIKE PUNITIVE DAMAGES UNDER FRCP RULE 12(f))

J:\1752\SF0199\M-Dismiss\P-MPA-dismiss.wpd

1  state a claim for punitive damages against BARTD.

2  Because plaintiff has failed to state any claim for punitive damages, BARTD requests that any and all
3  references punitive damages be stricken from the complaint in their entirety under FRCP 12(f).

**8    In The Event That The Court Does Not Dismiss This Action Pursuant To The Above Grounds, The Court Should Order A More Definite Statement From The Plaintiff Pursuant To FRCP 12(e).**

6  If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot
7  reasonably by required to frame a responsive pleading, the party may move for a more definite statement
8  before interposing a responsive pleading. *See* FRCP 12(e). Based upon the foregoing arguments, BARTD, if
9  required to answer the complaint, will be forced to guess which specific claims, if any, are being alleged against
10 whom. This leaves BARTD unable to formulate proper defenses to the claims against it.

11 Therefore, in the alternative, should the court allow any of plaintiff's complaint to survive, BARTD
12 requests an order directing plaintiff to provide a more definite statement. This will allow for proper notice as to
13 which causes of action are asserted against each defendant, and which factual allegations support those
14 cause(s) of action.

## III.  CONCLUSION

16 For the foregoing reasons, the court should dismiss this federal action in its entirety with prejudice
17 because each and every cause of action in plaintiff's complaint fails to state a cause of action under FRCP
18 12(b)(6). However, if the court does not dismiss the action, BARTD requests that the court require plaintiff to
19 provide a more definite statement by amending the complaint to allege cognizable causes of action to which
20 BARTD may properly respond and/or that the court dismiss individual causes of action against BARTD as
21 appropriate. BARTD also requests that the court strike any and all references to punitive damages from the
22 complaint.

24 Dated: June 18, 2007.

25                                       LOW, BALL & LYNCH

27                                       By_____/s/  Dale L. Allen, Jr._____
                                              DALE L. ALLEN, JR.
28                                            JOSHUA M. BRYAN

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION BASED ON FAILURE TO STATE A CLAIM UNDER FRCP RULE 12(b)(6); OR IN THE ALTERNATIVE FOR ORDER REQUIRING PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT (FRCP RULE 12(e); AND TO STRIKE PUNITIVE DAMAGES UNDER FRCP RULE 12(f))
J:\1752\SF0199\M-Dismiss\P-MPA-dismiss.wpd

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT